UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TGA 3851 GRANDPINE WAY LLC,**

      Plaintiff,

v.                                          Case No: 6:19-cv-153-Orl-41DCI

**ANNETTE PERRY,**

      Defendant.

### REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. 2)**
>
> **FILED:**      **January 24, 2019**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.  Background**

In December 2018, Plaintiff filed a Complaint against Defendant in state court seeking to evict Defendant from her apartment for failure to pay $1,845.00 in rent for the month of December 2018. Doc. 1-1 at 1.

On January 24, 2019, Defendant, who is proceeding *pro se*, filed a Notice removing the case to this Court. Doc. 1 (Notice of Removal). Defendant claims that Plaintiff was required, but intentionally failed, to allege compliance with the Civil Rights Act of 1968, which is colloquially referred to as the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq*. *Id*. at ¶ 6. Further, Defendant claims that she is a member of a protected class and, thus, suggests she is entitled to protection

under the FHA in this eviction action. *Id*. at ¶ 10. As a result, Defendant argues that Plaintiff has, in fact, brought a federal cause of action for "ejectment/eviction" and, thus, argues that removal is appropriate. *Id*. at ¶ 11.

In addition to the Notice of Removal, Defendant filed an Application to Proceed in District Court without Prepaying Fees or Costs, which the Court construes as a motion to proceed *in forma pauperis*. Doc. 2 (Motion).

II. **STANDARD OF REVIEW.**

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2), and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. at § 1915(e)(2)(B)(i-iii).[1] The Court must also dismiss the complaint if it determines it has no subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(h)(3); *see Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009).[2] The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court is under no duty to "re-write" the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III. ANALYSIS.

The undersigned finds that Defendant is a pauper. The undersigned, however, also finds that the Court lacks subject matter jurisdiction over this case. Therefore, the undersigned recommends that the case be remanded to state court.

A defendant may remove any civil action from state court to federal court over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions: 1) arising under the Constitution, laws, or treaties of the United States (*i.e.*, federal question jurisdiction); or 2) where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs (*i.e.*, diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

The Court has a duty to inquire into its subject matter jurisdiction whenever it may be lacking. *Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Statutes governing removal are strictly construed, and thus "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Contrary to Plaintiff's contentions in the Notice of Removal, this case does not arise under the Constitution, laws, or treaties of the United States. *See* Doc. 1-1. Instead, the case is a simple

eviction action arising under the laws of the State of Florida. *Id*; *see* Fla. Stat. § 83.59. Therefore, Defendant has failed to demonstrate that the Court has federal question jurisdiction (and, thus, subject matter jurisdiction) over this case.[3] As a result, the undersigned recommends that the Motion be denied, and the case be remanded to state court. *See, e.g.*, *Summerhill Partners LLC v. Grimes*, Case No. 6:17-cv-288-Orl-37GJK, 2017 WL 9398651 (M.D. Fla. Feb. 22, 2017), *adopted by* 2017 WL 991478 (M.D. Fla. Mar. 15, 2017) (finding court lacked subject matter jurisdiction over an eviction matter based on a similar Notice of Removal).

IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 2) be **DENIED**;

2. The case be **REMANDED** to state court;

3. All other pending motions be **DENIED as moot**; and

4. The Clerk be directed to close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[3] Defendant does not contend that the Court has diversity jurisdiction over this case. *See* Doc. 1. Nevertheless, the undersigned has considered whether the Court has diversity jurisdiction over this case. While the parties' citizenship is unclear, it is clear that the amount in controversy ($1,845.00) does not exceed the jurisdictional amount. Doc. 1-1 at ¶¶ 3-4. Therefore, the undersigned finds that the Court does not have diversity jurisdiction over this case.

Recommended in Orlando, Florida on February 25, 2019.

                                            DANIEL C. IRICK
                                            UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy